IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET ROBBINS,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. FOODSERVICE, INC. et al.,<br><br>    Defendants. | Civil Action<br>No. 11-4599 (JBS/KMW)<br><br>**OPINION** |

APPEARANCES:

Daniel B. Zonies
1011 Evesham Road, suite A
Vorhees, NJ 08043
    Attorney for Plaintiff

Joan Mary Schwab
Robert B. Nussbaum
Saiber, Schlesinger, Satz, & Goldstein, LLC
One Gateway Center, 13th Floor
Newark, NJ 07102-5311
    Attorneys for Defendant U.S. Foodservice, Inc.

**SIMANDLE**, Chief Judge:

I.  **INTRODUCTION**

   This matter comes before the Court on Defendant U.S. Foodservice, Inc.'s ("USF") unopposed Motion for Summary Judgement. [Docket Item 8.] Plaintiff Janet Robbins filed a lawsuit in the Camden County Law Division of the New Jersey Superior Court, which Defendant USF removed to this Court. Plaintiff claimed that her termination from her employer, Defendant USF, violated New Jersey's Law Against Discrimination,

the Family Medical Leave Act ("FMLA"), and the New Jersey Family Leave Act. She also claimed that she was entitled to punitive damages because defendant's actions were "outrageous" and "unacceptable in a civilized society." [Docket Item 1]; (Compl. ¶ 19.)

Defendant USF requests summary judgment on all of Plaintiff's claims. The primary issue is whether collateral estoppel bars Plaintiff from adjudicating her claims because, before filing this lawsuit, she contested her termination in a union grievance arbitration proceeding. There was a final arbitration decision finding that USF had just cause to discharge Robbins. The Court finds that Plaintiff received a full and fair adjudication of her claims at the arbitration and that her claims are barred by collateral estoppel. The Court will grant summary judgment for Defendant USF.

**II.  BACKGROUND**

**A. Factual Background**

Plaintiff Janet Robbins filed a lawsuit against Defendants U.S. Foodservice, Inc. ("USF") and John Does. (Compl.) She asserted the following facts in her Complaint: She was employed by Defendant USF as a distribution clerk. (Id. ¶ 4.) In May of 2011, she obtained a "medical leave of absence" to "attend to her sick husband." (Id. ¶ 5.) During this medical leave, she "severely injured her neck." (Id. ¶ 6.) She requested additional

2

leave because "[a]s a result of her injury," she "needed additional leave time." (Id. ¶ 7.) Plaintiff alleged that, "[a]fter making her request for additional leave time, plaintiff was harassed with unnecessary, unproductive, and invasive phone calls about her health by one of Defendant's supervisors." (Id. ¶ 8.) On May 31, 2011, she was terminated "after plaintiff complained to defendant's human resources department about these phone calls." (Id. ¶ 9.) As a result of "Defendant's misconduct," plaintiff "suffered damages, including but not limited to, loss of income, mental and emotional suffering, humiliation, and loss of dignity." (Id. ¶ 11.) Defendant John Does "are unidentified individuals and/or business entities who participated in or otherwise bear responsibility for the wrongs" described above. (Id. ¶ 3.)

In its Brief in Support of its Motion for Summary Judgement [Docket Item 8-3], Defendant USF alleged that "plaintiff's termination was the subject of a prior arbitration proceeding in which the arbitrator ruled in favor of USF." (Def. Br. Supp. Mot. Summ. J. ("Def. Br."), at 1, Feb. 16, 2012.) USF attached the Arbitration Opinion and Award to its summary judgment motion [Docket Item 8-1, Ex. A], and the Court summarizes it here. On October 7, 2011, arbitrator Lawrence Coburn conducted a hearing to resolve a claim by Teamsters Local 107, Plaintiff's Union, that USF violated its collective bargaining agreement by

discharging Robbins on May 31, 2011. (Arbitration Award at 1.) At the hearing, "both parties were afforded full opportunity to present evidence and argument in support of their respective positions." (Id. at 1.)

Arbitrator Coburn addressed "on the merits whether [USF] had just cause to discharge [Robbins]." (Id. at 11.) The Arbitrator found that Robbins "was dishonest" because she used "FMLA leave to cover up a plan to spend time in Myrtle Beach for bike week. . . ." (Id. at 15.) The Arbitrator also found that Robbins "lied" to her supervisor about the circumstances of her absence from work. (Id.) And he stated, "[b]ecause [Robbins] lied to [her supervisor] about her trip to Myrtle Beach, I conclude that [USF] had just cause to discharge her. [USF] is entitled to expect employees to be honest in their dealings with it, particularly on issues such as taking time off." (Id. at 15-16.)[1]

The Superior Court of New Jersey, Gloucester County Law Division issued an order confirming the arbitration award, and

---

[1] The Arbitrator's opinion was lengthy and detailed, covering many facts regarding Robbins' prior termination from and reinstatement at USF, the reinstatement agreement that she signed acknowledging that she had no more vacation or unpaid leave time left in 2011, the circumstances under which USF discovered that she had been dishonest about her reasons for taking leave in May of 2011, and the reasons why this dispute regarding her second termination (the termination at issue here) was arbitrable. The Court notes the depth and thoroughness of Arbitrator Coburn's Opinion and Award, but the Court does not summarize these other findings because the Court finds that they are not necessary to the present decision.

4

USF attached that order to its Motion for Summary Judgment. [Docket Item 8-1, Ex. C.]

### B. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff Janet Robbins is a citizen of New Jersey, and Defendant USF is a citizen of Delaware, its place of incorporation, and Illinois, its principal place of business. (Def. Notice Removal ¶ 5.) While Plaintiff's Complaint does not allege specific damages, USF argues that "[a] reasonable person reading plaintiff's Complaint would conclude that the plaintiff is seeking damages in excess of §75,000, exclusive of interest and costs. . . ." (Id. ¶ 6.)

### C. Procedural History

Plaintiff Janet Robbins filed a lawsuit in the Camden County Law Division of the New Jersey Superior Court, which Defendant USF removed to this Court. [Docket Item 1.] Defendant USF filed a Motion for Summary Judgement. [Docket Item 8.] Plaintiff obtained an automatic extension pursuant to Local Civil Rule 7.1(d)(5) to submit opposition to the Motion for Summary Judgment [Docket Item 10], but Plaintiff never submitted any opposition.

### D. USF's Motion for Summary Judgment

In its Brief in Support of its Motion for Summary Judgment, Defendant USF summarized the factual findings from the Arbitration Opinion and Award. USF also attached a "statement of

5

material facts as to which there is no genuine issue," as required by Local Civil Rule 56.1(a). [Docket Item 8-2.] These facts cited the Arbitration Opinion and Award extensively. Because the facts in Defendant's L. Civ. R. 56.1 statement are derived from the evidentiary record and are undisputed, they are deemed undisputed for purposes of this motion.

In its Brief, USF emphasized that the Arbitrator found that USF had "just cause" to terminate Plaintiff for dishonesty. (Def. Br. at 6-7.) USF argued that because the "issue of whether plaintiff was justifiably fired by USF ha[d] already been conclusively determined in USF's favor by an Arbitrator . . . Plaintiff is now collaterally estopped from relitigating the reason for her termination. . . ." (Id. at 8.) USF emphasized that courts give preclusive effect to valid arbitration awards. (Id. at 9.) USF also argued that all of Plaintiff's statutory claims failed as a matter of law. (Id. at 14.)

## III. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id.

Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by observing that there is an absence of evidence to support an essential element of the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 323.

In the present case, Plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir.1990) (holding that a local rule deeming unopposed motions to be conceded did not justify the grant of summary judgment without analysis under Rule 56(e), Fed. R. Civ. P.). The Court must still determine, even for an unopposed

summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is "appropriate," as required by Rule 56(e), Fed. R. Civ. P. In order to grant Defendant's unopposed motion for summary judgment, where, as here, "the moving party does not have the burden of proof on the relevant issues, ... the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in connection with the motion entitle the [Defendants] to judgment as a matter of law." Id. Additionally, pursuant to Local Civil Rule 56.1(a), Defendant's statement of material facts not in dispute, as to which Plaintiff has filed no objection and counter statement, are deemed undisputed for the purposes of this summary judgment motion. L. Civ. R. 56.1(a) (mandating that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion").

    **B.   Analysis**

        **i. Undisputed Facts**

Because Plaintiff has not filed an Opposition to USF's Motion for Summary Judgment and thus has not filed a responsive statement of material facts, the Court deems Defendant USF's facts undisputed. The Court highlights the following material facts: (1) Plaintiff Robbins and Defendant USF participated in an arbitration proceeding at which "both parties were afforded full opportunity to present evidence and argument in support of their

respective positions." (Arbitration Award at 1.) (2) The Arbitrator addressed "on the merits whether [USF] had just cause to discharge [Robbins]." (Id. at 11.) (3) The Arbitrator issued a final decision finding that USF had "just cause" to terminate Plaintiff for "dishonesty" and claiming sick leave to "cover up" her plans to attend bike week in Myrtle Beach. (Id. at 15-16.) And (4) the Superior Court of New Jersey, Gloucester County Law Division issued an order confirming the arbitration award. [Docket Item 8-1, Ex. C];(Def. Statement Material Facts, ¶ 24).

### ii. Collateral Estoppel

Collateral estoppel, also known as issue preclusion, prevents relitigation of a particular fact or legal issue that was litigated in an earlier action. Seborowski v. Pittsburgh Press Co., 188 F.3d 163, 169 (3d Cir. 1999) (citing Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979)). The New Jersey Supreme Court has held that in order to apply collateral estoppel a previous determination must meet the following criteria: (i) the issue is identical to the issue decided in earlier proceeding; (ii) the issue was actually litigated in a earlier proceeding; (iii) the court issued a final judgment on the merits; (iv) the determination was essential to the earlier judgment; and (v) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. Ivan v. County of Middlesex, 595 F. Supp. 2d 425, 474

(D.N.J. 2009); see also Seborowski v. Pittsburgh Press Co., 188 F.3d 163, 169 (3d Cir. 1999) (collateral estoppel requires identical issues, a final judgment on the merits, the same parties or parties in privity with each other, and a full and fair opportunity to litigate the issue in question in the prior action).

The Court finds that all necessary elements for collateral estoppel exist here: (1) the issue in this proceeding is the same as the issue at arbitration, *i.e.* whether Defendant USF acted unlawfully in terminating Plaintiff Robbins; (2) this issue was litigated at arbitration; (3) the Arbitrator issued a final decision on the merits; (4) his finding that USF terminated Robbins with "just cause" was essential to his decision; and (5) Plaintiff Robbins, against whom USF seeks to assert collateral estoppel, was a party in the prior proceeding.

Judicial proceedings "ordinarily accord preclusive effect to arbitrations that have already adjudicated the same claims or defenses, even when the award is unconfirmed." Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 673 F. Supp. 2d 313, 320 (D.N.J. 2009). In this action, the arbitration produced a final award, and the arbitration procedures were fair because Plaintiff had notice and an opportunity to present evidence. In addition, the award was confirmed, thus strengthening the argument for according the

arbitration decision preclusive effect. Indeed, "the strong preference of federal labor policy for private resolution of labor disputes weighs heavily in favor of attributing preclusive effect to full, fair, and final labor arbitrations." Id. at 321. The Court finds that Plaintiff had a full, fair opportunity to litigate the reason for her termination, the arbitration resulted in a final decision on the merits, and she is now estopped from relitigating the cause of her termination.

### iii. Plaintiff's Statutory Claims

Plaintiff's claims under New Jersey's Law Against Discrimination, the Family Medical Leave Act ("FMLA"), and the New Jersey Family Leave Act ("NJFLA") are all premised on her claim that Defendant USF terminated her unlawfully.[2] The Arbitrator issued a final decision finding that Plaintiff was terminated for "just cause." Plaintiff is estopped from relitigating the cause of her termination and, because Plaintiff

---

[2]Plaintiff's Complaint does not specify the exact basis of her claim. The Court is uncertain whether Plaintiff alleges that her termination was unlawful because Defendant retaliated against her for taking leave to care for her sick husband, because Defendant discriminated against her for having a disability, because Defendant retaliated against her for taking leave for her own neck injury, or because Defendant retaliated against her for complaining to the Human Resources Department about her supervisor's telephone calls inquiring about her health. Regardless, the Court finds that the gravamen of Plaintiff's claim is the allegation that her termination was unlawful. The Court need not determine exactly why Plaintiff alleges that it was unlawful because the Arbitrator issued a final decision that her termination was for just cause.

11

was terminated for just cause, all of her claims alleging unlawful termination fail as a matter of law. Since none of Plaintiff's claims stand, she is not entitled to punitive damages. Defendant USF is entitled to summary judgment on all claims.

Under the New Jersey Law Against Discrimination ("NJLAD"), a *prima facie* case of discriminatory discharge for failure to accommodate an employee's handicap requires the employee to present proof that (1) she was handicapped, (2) she was otherwise qualified to perform the essential functions of the job . . . and was performing at a level that met the employer's expectations, (3) she was fired, and (4) the employer then sought someone to perform the same work. Muller v. Exxon Research & Eng'g Co., 345 N.J. Super. 595, 602 (App. Div. 2001). Nothing in the act "shall be construed . . . to preclude discrimination among individuals on the basis of competence, performance, conduct or any other reasonable standards." N.J. Stat. Ann. § 10:5-2.1. The Arbitrator found that Plaintiff was fired for just cause because she was dishonest, not because of a disability. In addition, the NJLAD specifically provides that an employer can terminate an employee for "conduct" or "any other reasonable standard[]." Id. Therefore Plaintiff's claim under the NJLAD fails.

Plaintiff also claims that Defendant violated the FMLA and the NJFLA. Due to the similarity of the statutes, "courts apply

the same standards and framework to claims under the FMLA and the NJFLA. Under both statutes, an aggrieved Plaintiff can seek recovery under an entitlement theory or a retaliation theory." <u>Wolpert v. Abbott Laboratories</u>, 817 F. Supp. 2d 424, 437-38 (D.N.J. 2011) (internal citations omitted). To succeed on an entitlement theory claim, Plaintiff must show that "she was entitled to benefits under the FMLA and that she was denied them." <u>Parker v. Hanhemann Univ. Hosp.</u>, 234 F. Supp. 2d 478, 485 (D.N.J. 2002). To establish a *prima facie* case under the retaliation theory, plaintiff must show that: "(1) [s]he took an FMLA leave, (2) [s]he suffered an adverse employment decision, and (3) the adverse decision was causally related to [her] leave." <u>Conoshenti v. Public Service Elec. & Gas Co.</u>, 364 F.3d 135, 146 (3d Cir. 2004).

Plaintiff cannot prevail under either an entitlement or a retaliation theory. She was not denied benefits; her employer granted her request for leave, and therefore the entitlement theory fails. The retaliation theory also fails because the adverse decision was not "causally related" to her leave; the adverse decision resulted from her dishonesty. Defendant is entitled to summary judgment on both the FMLA and the NJFLA claims.

## IV.  CONCLUSION

The Court finds that Defendant U.S. Foodservice's unopposed

13

Motion for Summary Judgment is meritorious; summary judgment will be granted on all claims.

In addition, as Plaintiff has never identified the John Doe Defendants and no named Defendants remain in the action, the Court will terminate this action.

The accompanying Order will be entered.


**August 30, 2012**                              **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 Chief U.S. District Judge